**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Betty Debelak,** | ) | **CASE NO. 1:16 CV 2782** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| **Defendant.** | ) | |

## **INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz (Doc. 19)("R&R") recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## **ANALYSIS**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

1

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

Here, plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining at step two that plaintiff's sleep apena is a non-severe impairment. According to plaintiff, she testified that the condition causes her to wake up two to three times in the night. As a result, she is tired, has difficulty keeping a morning routine, and needs to lay down during the day. Plaintiff claims that her testimony demonstrates that her condition causes more than a minimal effect on her ability to work.

The objection is rejected. Other than her own testimony, plaintiff points to no evidence in the record supporting a work related limitation due to sleep apnea. The ALJ, however, found plaintiff less than credible and plaintiff did not challenge this determination. Moreover, as the Magistrate Judge aptly points out, the ALJ found other severe impairments and continued with the sequential analysis. The ALJ acknowledged that limitations caused by non-severe impairments were considered in determining plaintiff's residual functional capacity. Further, the ALJ recognized that plaintiff sleeps poorly, but once again discounted the evidence as less than credible. In that plaintiff fails to point to any other evidence in the record supporting the imposition of any work related limitations caused by plaintiff's sleep apnea, the objection is not

well-taken.

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                  PATRICIA A. GAUGHAN
                                  United States District Judge
                                  Chief Judge

Dated: 12/12/17